IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY E. APPLETON, Trustee of the 4347 Vintage Oaks Lane J & N Appleton Trust of 1999,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Defendant. | CIV-S-05-1685 WBS KJM<br><br><br>MEMORANDUM OF OPINION AND ORDER |

    Plaintiff Nancy Appleton has filed an ex parte application for a temporary restraining order.  Plaintiff requests an injunction staying a state court proceeding, <u>The People of the State of California v. Alden Jonathan Appleton, First Financial, Inc., and First Financial</u>, Case No. 99AS00592, now pending in Sacramento County Superior Court.

    The state case was filed in 1999.  In August 2001, the state court appointed a receiver to administer assets to pay victims' claims.  In October 2001, the state court found the residence at 4347 Vintage Oaks Lane (the "property") subject to the receivership estate.  Although plaintiff was not a party to the

1

1 state court action, she does not claim she was unaware of the
2 court's decision.  In addition, plaintiff failed to intervene,
3 move for reconsideration, or appeal the court's decision.
4     In January 2004, the receiver sought permission from the
5 state court to sell the property.  At that time, plaintiff filed
6 an opposition.  However, in February 2004, when the court granted
7 the receiver permission to sell the property, plaintiff, again,
8 failed to seek intervention, reconsideration, or appeal.
9     In July 2005, the receiver filed a petition for an order
10 confirming sale of the property.  Once again, plaintiff filed an
11 opposition, but did not intervene in the state action.  On August
12 23, 2005, the receiver's petition was set for hearing before the
13 state court judge.
14     On August 19, 2005, plaintiff filed this 42 U.S.C. § 1983
15 action in federal court although it was not referred to the
16 undersigned judge until August 23, 2005.  Plaintiff claims that a
17 decision of the state court permitting sale of the residence will
18 violate her constitutional rights because she has not had a
19 sufficient opportunity to participate in the state court action
20 to defend her property rights.
21     The motion for TRO is denied principally because it is
22 untimely.  There is no reason why this action and request for
23 stay should not have been filed in October 2001, February 2004,
24 or July 2005.  By waiting to file this action until the state
25 court was prepared to issue a final ruling, plaintiff has misused
26 the temporary restraining order.  E.D. Cal. L.R. 65-231(b).

2

1   Furthermore, the showing on the merits is not persuasive.
2 It is unclear whether plaintiff has any interest in the property.
3 The state court recently found the claim "meritless" in a
4 tentative ruling.
5   Therefore, given the lateness of the action, the disruption
6 to the state court proceedings that would be caused were the
7 temporary restraining order to issue, and the inadequate showing
8 on the merits, plaintiff's request for a temporary restraining
9 order is DENIED.
10   IT IS SO ORDERED.
11 Dated: 8/24/2005

DAVID F. LEVI
Chief United States District Judge