UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NANCY E. APPLETON, Trustee of
the 4347 Vintage Oaks Lane J &
N Appleton Trust of 1999,

    Plaintiff,

  v.

COUNTY OF SACRAMENTO,

    Defendant.

NO. CIV. S-05-1685 WBS KJM

ORDER RE: REQUEST FOR
TEMPORARY RESTRAINING ORDER

----oo0oo----

Plaintiff has filed an ex parte application for a temporary restraining order enjoining a state court proceeding, <u>People of the State of California v. Alden Jonathan Appleton, First Financial, Inc., & First Financial</u>, Case No. 99AS00592, currently pending in the Superior Court in and for the County of Sacramento. That application will be denied by this order.

I. <u>Factual and Procedural Background</u>

  The following facts are taken verbatim from Judge Levi's August 24, 2005 order denying plaintiff's request for a temporary restraining order. The state case was filed in 1999. In August 2001, the state court appointed a receiver to

1

1 administer assets to pay victims' claims.  In October 2001, the
2 state court found the residence at 4347 Vintage Oaks Lane (the
3 "property") subject to the receivership estate.  Although
4 plaintiff was not a party to the state court action, she does not
5 claim she was unaware of the court's decision.  In addition,
6 plaintiff failed to intervene, move for reconsideration, or
7 appeal the court's decision.  In January 2004, the receiver
8 sought permission from the state court to sell the property.  At
9 that time, plaintiff filed an opposition.  However, in February
10 2004, when the court granted the receiver permission to sell the
11 property, plaintiff, again, failed to seek intervention,
12 reconsideration, or appeal.  In July 2005, the receiver filed a
13 petition for an order confirming sale of the property.  Once
14 again, plaintiff filed an opposition, but did not intervene in
15 the state action.  On August 23, 2005, the receiver's petition
16 was set for hearing before the state court judge.

17       On August 19, 2005, plaintiff filed this 42 U.S.C. §
18 1983 action in federal court.  Plaintiff claims that a decision
19 of the state court permitting sale of the residence will violate
20 her constitutional rights because she has not had a sufficient
21 opportunity to participate in the state court action to defend
22 her property rights.

23       Plaintiff's earlier motion for a temporary restraining
24 order was

> 25 denied principally because it [was] untimely.  There [was]
> no reason why this . . . request for stay should not have
> 26 been filed in October 2001, February 2004, or July 2005.  By
> waiting to file this action until the state court was
> 27 prepared to issue a final ruling, plaintiff . . . misused
> the temporary restraining order.  E.D. Cal. L.R. 65-231(b).
28

2

> Furthermore, the showing on the merits [was] not persuasive. It is unclear whether plaintiff has any interest in the property. The state court recently found the claim "meritless" in a tentative ruling.

(Aug. 24, 2005 Order (per Chief Judge Levi)).

There is no difference in the relief sought, nor in plaintiff's legal basis in seeking that relief, from when she brought the issue before Chief Judge Levi. Therefore, this case is governed by the principle of stare decisis. Moreover, the merits of the application, even if this issue had not already been decided, do not require a temporary restraining order. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (applicants for a TRO must meet the general equitable requirements for an injunction by showing a likelihood of success on the merits, a significant threat of irreparable injury, and that legal remedies are inadequate).[1]

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order be, and the same hereby is, DENIED.

DATED: October 14, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The likelihood of success on the merits is slim at best because the underlying state proceedings were akin to a quasi-criminal action pursued by the state, and Younger abstention would apply. Huffman v. Pursue, Ltd., 420 U.S. 592, *592, 95 S.Ct. 1200, 1202 (1975) (extending Younger v. Harris, 401 U.S. 37 (1971) to certain civil proceedings).

3