1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11  NANCY E. APPLETON, TRUSTEE OF
    THE 4347 VINTAGE OAKS LANE J &
12  N APPLETON TRUST OF 1999,
                                    NO. CIV. S-05-1685 WBS KJM
13          Plaintiff,

14       v.                         MEMORANDUM AND ORDER RE:
                                    MOTION TO DISMISS
15
    COUNTY OF SACRAMENTO, DISTRICT
16  ATTORNEY OF THE COUNTY OF
    SACRAMENTO, SUPERIOR COURT OF
17  CALIFORNIA IN AND FOR THE
    COUNTY OF SACRAMENTO, DAVID L.
18  RAY, and DOES 1 through 10,

19          Defendant.

20                        ----oo0oo----

21          Plaintiff Nancy Appleton's second amended complaint

22  ("SAC") seeks an injunction staying the disbursement of funds

23  resulting from a judicial sale authorized by the Superior Court

24  of California in and for the County of Sacramento.  Plaintiff

25  also seeks general damages.  Defendants County of Sacramento, the

26  District Attorney of Sacramento County, and court-appointed

27  receiver David L. Ray move to dismiss plaintiff's SAC, pursuant

28  to Rule 12(b)(6), for failure to state a claim upon which relief

                                 1

1 can be granted.

2 I.   Factual and Procedural Background

3        On July 11, 2001, the state court found Alden J.
4 Appleton (Jonathon Appleton) guilty of fraudulent business
5 practices.  State v. Appleton, No. 99AS00592, slip op. at 2 (Cal.
6 Super. Ct. July 11, 2001).  The state court ordered civil
7 penalties in the amount of $1,250,000 and determined that a
8 receiver would accomplish restitution.  Id. at 10.  On or about
9 August 14, 2001, the court appointed defendant David L. Ray to
10 fill the position of receiver.  (SAC ¶ 14.)

11        In February 2004, over objections that plaintiff lodged
12 with the state court, Ray obtained an order authorizing the sale
13 of a residence at 4347 Vintage Oaks Lane, Fair Oaks, California
14 ("the property").  (Id. ¶ 16.)  With the help of a real estate
15 agent and with leave of the court, Ray completed the sale of the
16 property on or about August 23, 2005 for the purchase price of
17 $860,000.  (Id. ¶¶ 17-19.)

18        During the course of these events, plaintiff, a trustee
19 of The 4347 Vintage Oaks Lane J & N Appleton Trust of 1999, was
20 not a party to the state court action.  (Compl. ¶ 15.)  She never
21 "intervene[d], move[d] for reconsideration, or appeal[ed] the
22 court's decision[s]."  (Aug. 24, 2005 Order (per Chief Judge
23 Levi) (denying plaintiff's motion for a temporary restraining
24 order ("TRO")).)  However, "on August 19, 2005, plaintiff filed
25 this 42 U.S.C. § 1983 action in federal court."  (Id.)  As the
26 sale was still pending, she immediately filed for a TRO, arguing
27 that "a decision of the state court permitting sale of the
28 residence [would] violate her constitutional rights because she

2

1  [had] not had a sufficient opportunity to participate in the

2  state court action to defend her property rights." Id.

3       Plaintiff's motion for a temporary restraining order

4  was "denied principally because it [was] untimely." (Id.) Judge

5  Levi further explained that

6       [t]here [was] no reason why this . . . request for stay
        should not have been filed [earlier]. By waiting to
7       file this action until the state court was prepared to
        issue a final ruling, plaintiff . . . misused the
8       temporary restraining order. E.D. Cal. L.R. 65-231(b).
             Furthermore, the showing on the merits [was]
9       not persuasive. It [was] unclear whether plaintiff
        ha[d] any interest in the property. The state court
10      [had] recently found the claim "meritless" in a
        tentative ruling.
11

12 (Id.) Following suit, this court denied plaintiff's second

13 motion for a TRO, which sought to enjoin the disbursement of the

14 proceeds of the sale. Appleton v. County of Sacramento, No.

15 S-05-1685, 2005 WL 2643174, at *1 (E.D. Cal. Oct. 14, 2005).

16      Shortly thereafter, defendants moved to dismiss this

17 action for failure to state a claim. The court granted those

18 motions without prejudice on December 23, 2005 and gave plaintiff

19 30 days to file a SAC to remedy the deficiencies in her

20 pleadings. Appleton v. County of Sacramento, No. S-05-1685, 2005

21 WL 3555470, at *6 (E.D. Cal. Dec. 23, 2005). Presently before

22 the court are defendants' motions to dismiss the SAC, again for

23 failure to state a claim.

24 II.  Discussion

25      In its December 23, 2005 order, the court made the

26 following determinations: (1) the District Attorney was

27 absolutely immune from a § 1983 suit for damages based on

28 activities "intimately associated with the judicial phase of the

3

1  criminal process"; (2) to the extent that plaintiff sought to
2  enjoin some conduct of the District Attorney, this court should
3  abstain based on <u>Younger v. Harris</u>, 401 U.S. 37 (1971); (3)
4  receiver Ray, acting within the scope of his authority as
5  provided by valid court orders, was entitled to derivative
6  judicial immunity; and (4) plaintiff had not stated a claim
7  against the County because she had failed to identify a policy or
8  custom of the County, the execution of which deprived of her
9  constitutional rights.[1]  To survive the instant motion to
10 dismiss, plaintiff's SAC must address these shortcomings.

11      A.   <u>Legal Standard</u>

12          On a motion to dismiss, the court must accept the
13 allegations in the complaint as true and draw all reasonable
14 inferences in favor of the pleader.  <u>Scheuer v. Rhodes</u>, 416 U.S.
15 232, 236 (1974); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  Dismissal is
16 appropriate only when "it appears beyond doubt that plaintiff can
17 prove <u>no</u> set of facts in support of his claim which would entitle
18 him to relief."  <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th
19 Cir. 2002) (emphasis added); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S.
20 41, 45-46 (1957).  The court does not, "however, necessarily
21 assume the truth of legal conclusions merely because they are
22 cast in the form of factual allegations."  <u>W. Mining Council v.
23 Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  "[A] simple declaration
24 that defendant's conduct violated the ultimate legal standard at

25

26      [1]   Significantly, plaintiff failed to identify, and still
   has not named, a county official that deprived her of her
27 constitutional rights.  <u>Appleton</u>, 2005 WL 3555470, at *5
   (observing that "none of the actors identified by name in the
28 complaint are subject to defendant County's control").

1    issue . . . does not suffice." <u>Gregory v. Daly</u>, 243 F.3d 687,

2    692 (2d Cir. 2001); <u>see</u> <u>Conley</u>, 355 U.S. at 47-48 ("[A complaint

3    must] give the defendant fair notice of what the plaintiff's

4    claim is <u>and</u> the grounds upon which it rests." (emphasis added)).

5           Additionally, although the court may not consider

6    material other than the facts alleged in the complaint when

7    deciding a motion to dismiss, it may rely on matters of public

8    record.  <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996)

9    ("A motion to dismiss . . . must be treated as a motion for

10   summary judgment . . . if either party . . . submits materials

11   outside the pleadings in support or opposition to the motion, and

12   if the district court relies on those materials."); <u>Mack v. S.</u>

13   <u>Bay Beer Distribs.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986),

14   <u>abrogated on other grounds by</u> <u>Astoria Fed. Sav. & Loan Ass'n v.</u>

15   <u>Solimino</u>, 501 U.S. 104 (1991) (holding that reliance on matters

16   of public record "does not convert a Rule 12(b)(6) motion to one

17   for summary judgment").  As the court observed in its previous

18   order dismissing plaintiff's first amended complaint ("FAC"), the

19   several orders issued by the state court and submitted for this

20   court's consideration here, including those entering judgment

21   against Mr. Appleton and authorizing the actions of the court-

22   appointed receiver, are matters of public record, on which the

23   court can rely.  <u>See</u> <u>Kent v. Daimlerchrysler Corp.</u>, 200 F. Supp.

24   2d 1208, 1219 (N.D. Cal. 2002) ("[L]egal decisions by California

25   courts . . . are matters of public record . . . .").

26   ///

27   ///

28   ///

5

1          B.    District Attorney of Sacramento County

2          In her SAC, plaintiff adds the following facts to

3    support her claims against the District Attorney: (1) the

4    District Attorney accompanied the county officers when they

5    executed a warrant for Jonathon Appleton's arrest "with guns

6    drawn", and (2) "during the State Court Action," the District

7    Attorney "performed a document inspection at Jonathon Appleton's

8    office and brought officers with weapons onto Mr. Appleton's

9    business premises."  (SAC ¶¶ 25, 27  (emphasis added).)

10   Plaintiff asserts that these actions were taken "for the purpose

11   of harassing and intimidating Mr. Appleton."[2]  (Id. ¶ 27

12   (emphasis added).)

13         It is unclear what plaintiff hopes to accomplish by

14   including these additional facts.  The court recognizes that a

15   prosecutor is afforded only qualified immunity when performing

16   investigatory or administrative functions, rather than the

17   absolute immunity applicable to traditional prosecutorial duties.

18

19         [2]    Plaintiff also stresses that the orders obtained by the
20   District Attorney, which established "that every entity with any
     relation to Jonathon Appleton was an alter ego of each other,"
21   were allegedly procedurally defective.  (SAC ¶ 26.)  However, the
     court has already established that the District Attorney's filing
22   of claims that resulted in the sale of the property constituted
     acts that were "intimately associated with the judicial phase of
23   the criminal process" and therefore within the scope of
     prosecutorial immunity.  Appleton, 2005 WL 3555470, at *2
24   (quoting Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984)
     (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976))).
25   Plaintiff's suggestion that the District Attorney was
     overreaching by going after assets over which the state court
26   allegedly had no jurisdiction does not impact the applicability
     of this immunity doctrine.  See Broam v. Bogan, 230 F.3d 1023,
27   1029 (9th Cir. 2003) ("If the action was part of the judicial
     process, the prosecutor is entitled to the protection of absolute
28   immunity whether or not he or she violated the civil plaintiff's
     constitutional rights.").

                                    6

1   <u>Broam</u>, 320 F.3d at 1028 (citing <u>Imbler</u>, 424 U.S. at 430 and

2   <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993)).   Thus, when

3   the District Attorney allegedly participated in search and

4   seizure activities and "essentially function[ed] as a police

5   officer or detective," he was entitled only to qualified

6   immunity.   <u>Id.</u>; <u>see also</u> <u>Barbera v. Smith</u>, 836 F.2d 96, 100 (2d

7   Cir. 1987) ("Absolute immunity . . . does not apply when the

8   prosecutor . . . assists in the execution of a search and seizure

9   . . . .").

10          However, the allegations do not suggest that the

11   District Attorney deprived <u>plaintiff</u> of a right secured by the

12   Constitution when he undertook these activities.   Significantly,

13   a third party cannot claim "a 'derivative' . . . violation [of

14   constitutional rights] on the basis of an intrusion of another's

15   privacy or property."   <u>Wilkinson v. F.B.I.</u>, 99 F.R.D. 148, 153

16   (C.D. Cal. 1983); <u>see also</u> <u>Rakas v. Illinois</u>, 439 U.S. 128,

17   139-41, 150 (1978) (holding that evidence seized during an

18   unreasonable search of one person can be used against another

19   person because the constitutional right allegedly violated is a

20   personal one).   Thus, even if the District Attorney was entitled

21   only to qualified immunity for allegedly assisting with searches

22   and seizures, affording him such immunity under these

23   circumstances is proper.   <u>Broam</u>, 320 F.3d at 1028 ("A state actor

24   . . . is entitled to qualified immunity in an action filed under

25   § 1983 if his or her conduct during a criminal investigation . .

26   . does not violate a federal constitutional right [of the

27   claimant].").   Plaintiff has not alleged facts that support a

28   cognizable legal theory for the District Attorney's liability for

7

1   damages.

2          In its previous order, the court also declined to

3   entertain claims against the District Attorney for injunctive

4   relief pursuant to the <u>Younger</u> abstention doctrine, which

5   counsels federal courts to abstain from cases when there is an

6   ongoing state judicial proceeding that implicates an important

7   state interest and offers an adequate opportunity to raise

8   federal questions.  <u>Lebbos v. Judges of Superior Court</u>, 883 F.2d

9   810, 814 (9th Cir. 1989).  In such cases, federal court

10  interference is inappropriate unless "bad faith, harassment, or

11  other exceptional circumstances dictate to the contrary."

12  <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S.

13  423, 437 (1982); <u>World Famous Drinking Emporium, Inc., v. City of

14  Tempe</u>, 820 F.2d 1079, 1082 (9th Cir. 1987).  This court

15  consequently held that <u>Younger</u> abstention was applicable because

16  plaintiff had failed to allege that the state court proceedings

17  were "initiated with and . . . animated by a retaliatory,

18  harassing, or other illegitimate motive."  <u>Appleton</u>, 2005 WL

19  3555470, at *3 (quoting <u>Diamond "D" Const. Corp. v. McGowan</u>, 282

20  F.3d 191, 199 (2d Cir. 2002)).

21         Plaintiff has since added such allegations to her

22  complaint; however, she still fails to state a claim against the

23  District Attorney for injunctive relief.  Significantly, the

24  court notes that it undertook the <u>Younger</u> abstention analysis

25  "assuming that there is some action by the District Attorney that

26  the court might enjoin . . . ."  <u>Id.</u>  But like the FAC, the SAC

27  does not identify an activity of the District Attorney that the

28  court might enjoin.  The complaint only seeks an injunction "to

1  prohibit (a) the disbursement of the proceeds of the sale of the

2  Subject Property; and (b) the transfer, directly or indirectly,

3  of the proceeds of the sale of the Subject Property." (SAC

4  (Prayer for Relief).)   These assets are not under the control of

5  the District Attorney and the court cannot award the relief

6  sought against this particular defendant.   Therefore, plaintiff

7  has not stated a claim against the District Attorney for

8  injunctive relief.

9       C.   State Court Receiver David L. Ray

10       Plaintiff likewise has failed to remedy the

11  deficiencies in her claims against defendant Ray.   In its

12  previous order, the court found that Ray's activities as a

13  receiver appointed by the state court were covered by the

14  doctrine of derivative judicial immunity.   Specifically, the

15  court noted that "[b]ecause a receiver 'functions as an arm of

16  the court by making decisions . . . the judge otherwise would

17  have to make,' he is, like a judge, entitled to immunity when he

18  performs an act that is judicial in nature and he does not act in

19  the clear absence of all jurisdiction." Appleton, 2005 WL

20  3555470, at *3 (quoting New Alaska Dev. Corp. v. Guetschow, 869

21  F.2d 1298, 1302, 1303 n.6 (9th Cir. 1989)) (alterations in

22  original).

23       In her SAC, plaintiff attempts to show that Ray acted

24  "in clear absence of all jurisdiction" by adding allegations that

25  he "included in his damages claim and accounting in the State

26  Court Action, improper and unverified items including emotional

27  distress and other forms of relief in which the claimants are not

28  entitled." (SAC ¶ 29; Pl.'s Opp'n to Ray's Mot. for Summ. J. 8.)

9

Plaintiff claims that these actions were "in excess of Defendants Ray's and Superior Court's jurisdiction." (Compl. ¶ 29.) However, in making these assertions, plaintiff misconstrues the jurisdiction requirement for judicial immunity.

The Ninth Circuit has determined that judicial immunity should be "freely granted and the exceptions . . . narrowly drawn." Ashelman v. Pope, 793 F.2d 1072, 1079 (9th Cir. 1986). Accordingly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." New Alaska Dev. Corp., 869 F.2d at 1301-02 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Judicial immunity is a defense so long as 'the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction.'" Id. at 1302 (quoting Ashelman, 793 F.2d at 1078).

In other words, even if Ray improperly requested, and the state court allowed him to award, forms of relief to which Jonathon Appleton's judgment creditors were not entitled,[3] this does not constitute conduct "in clear absence of all

---

[3]     As Ray notes, plaintiff's claim that he exceeded his authority by allowing claimants to request emotional distress and other unauthorized forms of relief is refuted by Ray's "Petition for Instructions Re: Allowed and Disallowed Claims", which was submitted to the state court to obtain an order approving Ray's assessment of the claims and to this court for judicial notice. (Ray's Feb. 6, 2006 Request for Judicial Notice Ex. 1 (Petition at 10).)  The petition specifically states that Ray "disallowed that portion of a claim that sought attorneys fees, damages for emotional distress and other speculative damages . . . ." (Id.) As indicated above, however, the court does not need to question the truth of plaintiff's allegations in order to grant Ray's motion to dismiss.

jurisdiction."[4]   Rather, plaintiff's allegations at most suggest
that Ray and the state court judge erred in applying California
law or perhaps acted in excess of authority.[5]   In exercising
control over the res of The 4347 Vintage Oaks Lane J & N Appleton
Trust of 1999, defendants did not stray from the subject matter
over which they have jurisdiction.  See Appleton, 2005 WL
3555470, at *4 (identifying the various statutes that empower
California state courts to appoint and authorize the activities
of receivers).  Consequently, because Ray acted pursuant to valid
court orders that the court had jurisdiction to issue, he is
entitled to derivative judicial immunity despite plaintiff's

---

[4]     The Supreme Court has previously distinguished between
"lack of jurisdiction" and "excess of jurisdiction":
> [I]f a probate judge, with jurisdiction over only wills
> and estates, should try a criminal case, he would be
> acting in the clear absence of jurisdiction and would
> not be immune from liability for his action; on the
> other hand, if a judge of a criminal court should
> convict a defendant of a nonexistent crime, he would
> merely be acting in excess of his jurisdiction and
> would be immune.

Stump v. Sparkman, 435 U.S. 349, 357 n.7 (1978).  In other words,
> [If a criminal judge] should sentence a party convicted
> to a greater punishment than that authorized by the law
> upon its proper construction, no personal liability to
> civil action for such acts would attach to the judge,
> although those acts would be in excess of his
> jurisdiction . . . .

Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 352 (1871); Sadoski v.
Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006) (same).

[5]     Such errors are the proper focus of collateral review
on appeal, not a § 1983 case against the acting judicial
officers.  See Forrester v. White, 484 U.S. 219, 227 (1988)
(reasoning that it is acceptable to liberally apply judicial
immunity because "[m]ost judicial mistakes or wrongs are open to
correction through ordinary mechanisms of review, which are
largely free of the harmful side-effects inevitably associated
with exposing judges to personal liability.").

1  allegations that these orders were defective.[6]

2        Regarding Ray's immunity from suit for injunctive

3  relief, the court's prior order noted that, assuming plaintiff's

4  complaint seeks such relief from Ray,[7] "Younger abstention, as

5  discussed above, would lead to the dismissal of any claims

6  against Ray for injunctive relief, even if he was not protected

7  from the claims against him by the cloak of judicial immunity."

8  Appleton, 2005 WL 3555470, at *4 n.3 (emphasis added).  Plaintiff

9  now alleges that the defendants engaged in a "conspiracy" to

10 retaliate against Jonathon Appleton and harass the entire family,

11 including plaintiff.  (Compl. ¶ 23.)  While such allegations may

12 be sufficient to qualify for an exception to the Younger

13 abstention doctrine, Younger was not the only ground on which the

14 court based its holding regarding Ray's immunity from suit for

15 injunctive relief.  The court only mentioned Younger in passing

16 as an additional reason for dismissing the complaint in case the

17

18        [6]   Similarly, plaintiff's additional allegations that the
   state court acted without jurisdiction over the Trust do not
19 pierce the veil of judicial immunity.  (See SAC ¶ 28.)  Even
   assuming arguendo that plaintiff's allegations are true, the
20 Ninth Circuit has held that "a judge is entitled to immunity even
   if there was no personal jurisdiction over the complaining
21 party."  Ashelman, 793 F.2d at 1076; New Alaska Dev. Corp., 869
   F.2d at 1076 (same).
22

23        [7]   Plaintiff's SAC does not address the court's prior
   observation that:
24        Plaintiff's claims against Ray appear to be in his
          individual, rather than official, capacity and are thus
25        assumedly for damages.  Shoshone-Bannock Tribes v. Fish
          & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir.
26        1994) ("Where state officials are named in a complaint
          which seeks damages under 42 U.S.C. § 1983, it is
27        presumed that the officials are being sued in their
          individual capacities" if "the complaint is silent as
28        to capacity . . . .").
   Appleton, 2005 WL 3555470, at *4 n.3.

judicial immunity discussed did not extent to claims for
injunctive relief against Ray.

Significantly, according to the plain language of §
1983, the cloak of judicial immunity that affords Ray protection
from a personal suit for damages also guards against suits for
injunctive relief.  42 U.S.C. § 1983 ("[I]n any action brought
against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be
granted unless a declaratory decree was violated or declaratory
relief was unavailable.");[8] Kuhn v. Thompson, 304 F. Supp. 2d
1313, 1322 (M.D. Ala. 2004).  The fact that plaintiff has alleged
a conspiracy to deprive her of due process has no bearing on this
application of judicial immunity as long as the harm "was
inflicted [through judicial] acts to which absolute immunity
would apply . . . ."  Holloway v. Walker, 765 F.2d 517, 523 (5th
Cir. 1985); see also Dennis v. Sparks, 449 U.S. 24, 27 (1980);
Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987).  Because the
only claims against Ray are for judicial actions taken pursuant
to court orders, he is immune from a suit for damages and

---

[8]    Congress added this provision in 1996 in response to
Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), where the Court
held that judicial immunity does not apply in suits against
judges for injunctive relief.  Plaintiff has not alleged that a
declaratory decree was violated or that declaratory relief was
unavailable.  Moreover, it appears that declaratory relief would
have been available, had plaintiff sought it.  Cal. Code Civ.
Proc. § 1060 ("Any person . . . who desires a declaration of his
or her rights or duties . . . in respect to, in, over or upon
property . . . may, in cases of actual controversy relating to
the legal rights and duties of the respective parties, bring an
original action or cross-complaint in the superior court for a
declaration of his or her rights and duties in the premises . . .
. He or she may ask for a declaration of rights or duties,
either alone or with other relief . . . .").

13

1  injunctive relief based on the facts alleged in the SAC.

2      D.   <u>County of Sacramento</u>

3          As the court noted in its order dismissing the FAC, to
4  bring a § 1983 claim against the County of Sacramento, "plaintiff
5  must allege that [she] suffered a constitutional deprivation that
6  was the product of a policy or custom of the local government
7  unit." <u>Collins v. County of Kern</u>, 390 F. Supp. 2d 964, 976 (E.D.
8  Cal. 2005); <u>see also</u> <u>Monell v. Dep't of Soc. Servs. of New York</u>,
9  436 U.S. 658, 694 (1978).  The court also expressed doubt "that a
10 local policy, custom, or practice of the County resulted in
11 plaintiff's deprivation of due process [in this case,] when no
12 agent or representative of the County capable of carrying out
13 this policy [had yet] been identified." <u>Appleton</u>, 2005 WL
14 3555470, at *5 (explaining that despite their proper names, the
15 Superior Court in and for the County of Sacramento, the receiver
16 appointed by that court, and the District Attorney of Sacramento
17 County are not agents of the County).

18         Plaintiff's SAC likewise fails to identify any agent of
19 the County who deprived her of a constitutional right.[9]  She only
20 provides a conclusory allegation that she "is informed and
21 believes and, on that basis, alleges that a local policy, custom
22 or practice of Defendant County of Sacramento resulted in [her]
23 deprivation of due process." (Compl. ¶ 30.)  This bald assertion
24 does not sufficiently state a claim against the County.  <u>See</u>

25

26         [9]   The SAC does appear to allege involvement of County
27 officers in the arrest and investigation of Jonathon Appleton.
   (Compl. ¶¶ 25-27.)  However, as explained above, plaintiff cannot
28 base her § 1983 claim on the alleged violation of another's
   constitutional rights.

1  Conley, 355 U.S. at 47-48 ("[A complaint must] give the defendant

2  fair notice of what the plaintiff's claim is and the grounds upon

3  which it rests." (emphasis added)).

4  III. Conclusion

5         In its December 23, 2005 order, the court gave

6  plaintiff 30 days to file an amended complaint that addressed the

7  deficiencies in her FAC.  The court must assume that the SAC is

8  the best plaintiff can do to state a claim against defendants.

9  For the reasons discussed above, plaintiff is obviously unable to

10 remedy the shortcomings in her pleadings.

11        IT IS THEREFORE ORDERED that defendants' motions to

12 dismiss the SAC for failure to state a claim be, and the same

13 hereby are, GRANTED WITH PREJUDICE.[10]

14 DATED:  March 8, 2006

15

16 _____

17 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26 _____

27       [10]    "If judicial and prosecutorial immunity bar recovery,"
   as they do in this case, "no amendment [can] cure the
28 deficienc[ies]" and dismissal, without leave to amend, is
   warranted.  Ashelman, 793 F.2d at 1075.